IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LATARA KEMP, a minor, by and through
VERA KEMP, et al.                                                                              PLAINTIFFS

v.                                                                          CIVIL ACTION NO.: 4:07CV41

WILLIE J. PERKINS, SR., et al.                                                              DEFENDANTS

### MEMORANDUM OPINION DENYING THE DEFENDANTS' MOTION TO DISMISS AND MOTIONS FOR SANCTIONS AND THE PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS

Presently before the Court is Defendant Willie J. Perkins, Sr., Sheriel Perkins, Willie J. Perkins, Jr., Takiyah Perkins, and Jamal Perkins ("Perkins"), Motion to Dismiss and Motion for Sanctions. The Court will also address Defendant Carla Williams' Motion to Dismiss, Motion for Sanctions, and the Plaintiffs' Motion to Dismiss Counterclaims of Defendants Perkins and Williams.

Having considered the Motions and Responses, the Court finds that the Perkins' Motion to Dismiss and Motion for Sanctions is not well taken and should be denied. The Court determines also that Defendant Williams' Motion to Dismiss and Motion for Sanctions should be denied. Further, the Plaintiffs' Motion to Dismiss the Counterclaims of Defendants Perkins and Williams is denied.

*A. Factual Background*[1]

Latara Kemp alleges that upon driving near the home of Perkins in Greenwood, Mississippi, Willie Perkins, Jr., and his younger brother, Jamal Perkins, approached her car with raised baseball

---

[1] The Plaintiffs' claims concern fifteen named defendants, including individuals, state actors, and governmental entities. Because most of the allegations do not concern the Defendants Perkins or Williams, only the allegations concerning the defendants at issue here are included in this background.

bats, yelling and screaming at her. The Plaintiffs[2] also assert that prior to Latara filing assault charges against the Perkins' brothers, Kiara Williams and her mother Carla Williams, a named defendant, filed a false affidavit alleging that Latara assaulted Kiara with a gun and threatened to shoot her. The Plaintiffs declare that Latara was arrested on the basis of the allegedly false affidavit and, as a result, spent twenty days in the Leflore County Juvenile Detention Center.

The Complaint further outlines eleven charges and theories of relief, names defendants and groups of defendants in each count, and requests specific relief as to each named defendant.

In answering the Plaintiffs' claims, the Perkins also filed a counterclaim, a Motion to Dismiss, and a Motion for Sanctions. Likewise, Carla Williams also filed with her answer a counterclaim against the Plaintiffs, a Motion to Dismiss, and a Motion for Sanctions. The Plaintiffs subsequently filed a Motion to Dismiss both counterclaims for failure to state a claim upon which relief can be granted. These motions are discussed in the analysis below.

*B. Standard of Review for Motions to Dismiss Pursuant to Rule 12(b)(6)*

When considering a motion to dismiss for failure to state a claim under 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in light most favorable to the plaintiff. See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); Am. Waste & Pollution Control Co. v Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir. 1991). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Piotrowski v. City of Houston, 51 F.3d 512, 514 (5th Cir. 1995) (quoting Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994)). In deciding whether dismissal is warranted, the

---

[2]This action has been instituted on behalf of Latara Kemp by her mother, Vera Kemp. Vera Kemp is also a named plaintiff, as well as Alondus Anderson, Latara's sister.

2

court will not accept conclusory allegations in the complaint as true. See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).

*C. Discussion*

A pleading must contain: (1) a short and plain statement showing that the pleader is entitled to relief, and (2) a demand for judgment. Fed. R. Civ. P. 8(a). Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). The notice pleading standard relies on discovery to define disputed facts and summary judgment to dispose of unmeritorious claims. Swierkiewicz, 534 U.S. at 512. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168-69, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). However, a complaint will be deemed inadequate if it fails to (1) provide notice of the circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist. General Star Indem. Co. v. Vesta Fire Ins. Corp., 173 F.3d 946, 950 (5th Cir. 1999) (citing Walker v. South Central Bell Tel. Co., 904 F.2d 275, 277 (5th Cir. 1990)).

The general notice pleading requirements apply to all civil actions, except for averments of fraud, mistake, which must be pled with particularity. Fed. R. Civ. P. 9(b). Because of the general notice pleading requirements, dismissal is warranted only when no relief could be granted on any set of facts consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984). Finally, a complaint that contains only a "bare bones" allegation that a wrong occurred and does not plead any facts giving rise to the injury, does not provide adequate

notice. Id.; Walker, 904 F.2d at 277.

Plaintiffs pleading in this case is more than a "bare bones" complaint. As noted in the factual background section above, the Plaintiffs' Complaint provides detailed factual allegations which involve all of the fifteen named defendants. The fifteen page document cannot be deemed to be insufficient warning of the circumstances and claims for which the Plaintiffs seek relief and provide fair notice of any and all allegations against those defendants.

Therefore, Plaintiffs complaint meets the standard of notice pleading laid out in the Federal Rules of Civil Procedure and announced by the United States Supreme Court. The Court finds that Plaintiff provided a short and plain statement stating that he is entitled to relief and a demand for judgment. Thus, the Perkins' and the Williams' Motions to Dismiss will be denied.

Similarly, the Plaintiffs filed a Motion to Dismiss the counterclaims asserted by the Defendants Perkins and Williams alleging that they failed to state a claim on which relief may be granted. As analyzed above, at this stage of the proceedings, the threshold for complying with Rule 8(a) is low.

The counterclaims asserted against the Plaintiffs by Perkins alleges that the litigation was instituted with malice and without probable cause and was damaging to the Perkins. The counterclaim filed by Williams asserts that Latara Kemp's alleged threat that she would blow Kiara Williams' head off while pointing a pistol at her caused Williams fear of extreme harm and danger, emotional distress and anxiety, and ultimately, complications in Carla Williams' pregnancy. Additionally, Williams alleges that Vera Kemp, as Kiara Kemp's mother, breached a duty to supervise her minor child and prevent the unlawful wrongdoings of her minor child.

Therefore, the Court finds that the Counter-Claimants Perkins and Williams have provided

notice of the factual basis and claims for relief in accordance with Rule 8(a) and have sufficiently satisfied Rule 12(b)(6).

This Court has reviewed the Plaintiffs' complaint and the Defendants' counterclaims and is persuaded that, at this point in the case, the complaint and counterclaims contain sufficient allegations from which an inference fairly may be drawn that evidence on these matters will be introduced by the plaintiff at trial. Campbell v. San Antonio, 43 F.3d 973, 974 (5th Cir. 1995). Therefore, Defendants Perkins' Motion to Dismiss, Defendant Williams Motion to Dismiss, and Plaintiffs' Motion to Dismiss are hereby denied.

*D. Motions for Sanctions*

Defendants Perkins and Williams both claim that sanctions should be imposed against the Plaintiffs for filing a frivolous and "vexatious" lawsuit without substance. Rule 11(b) and (c) of the Federal Rules of Civil Procedure provide that sanctions may be imposed on any attorney or party who presents to the court a pleading or written motion submitted only to harass or cause unnecessary delay in proceedings, or filed on frivolous grounds without a reasonable investigation of the underlying circumstances of the claim.

The Defendants have not presented any basis for the Court to rule that the claims were brought against them solely to harass them or for frivolous purposes. Therefore, motions for sanctions are premature at this stage of proceedings, but the parties are free to revisit these matters after discovery at the summary judgment stage.

Based upon the foregoing analysis that the Plaintiffs sufficiently established claims against the Defendants, the Court hereby concludes that the Defendants' Motion for Sanctions should be denied.

*E. Conclusion*

Upon review, the Court finds that neither Defendants nor Plaintiffs met the high standard imposed for dismissal under Rule 12(b)(6). The Court further finds that Plaintiffs satisfied the notice pleading requirements of Rule 8(a). Therefore, the Court will deny Defendants' Motion to Dismiss.

Moreover, because the Plaintiffs sufficiently pled a factual basis and legal theories for relief, the Defendants' Motions for Sanctions are likewise denied.

A separate order in accordance with this opinion shall issue this day.

This the 30th day of January 2008.

                                        **/s/ Sharion Aycock**
                                        **U.S. District Judge**